[Cite as *Davala v. Ferraro*, 2012-Ohio-446.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

JOHN AND MARY DAVALA

     Plaintiffs-Appellees

and

STARK COUNTY SCHOOLS COUNCIL OF GOVERNMENTS

     Intervening Plaintiff-Appellant

-vs-

KAREN FERRARO

     Defendant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. Julie A. Edwards, J.

Case No. 2011CA00135

O P I N I O N

CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas, Case No. 2010CV03491

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT ENTRY:     February 6, 2012

APPEARANCES:

For Plaintiffs-Appellees

DAVID E. BUTZ
JOHN A. BURNWORTH
4775 Munson Street, NW
P.O. Box 36963
Canton, OH  44735-6963

For Intervening Plaintiff-Appellant

JOHN B. WIRTZ
220 Market Avenue, South
Canton, OH  44802

For Defendant Karen Ferraro

JUDE STREB
Millennium Centre, Suite 300
200 Market Avenue North
P.O. Box 24213
Canton, OH 44701-4213

*Farmer, J.*

**{¶1}** On July 17, 2010, appellee, John Davala, suffered serious injuries as a result of a motor vehicle accident caused by defendant, Karen Ferraro. On September 22, 2010, appellee, together with his wife, Mary Davala, filed a complaint against Ms. Ferraro claiming negligence and loss of consortium.

**{¶2}** Mary Davala is employed by Clarendon Elementary and is covered under a Health Benefits Plan provided by appellant, Stark County Schools Counsel of Government, a self-funded insurer. As Mary's husband, appellee is covered under the plan as well.

**{¶3}** On December 14, 2010, appellant intervened in the case and sought subrogation/reimbursement from appellees for medical benefits paid in the amount of $83,117.93.

**{¶4}** Following mediation between appellees and Ms. Ferraro, Ms. Ferraro's insurance company tendered its policy limit of $100,000.00. See, Report of Mediation filed February 8, 2011.

**{¶5}** On March 28, 2011, appellees filed a brief in support of the make-whole doctrine and allocation of settlement proceeds. Appellant filed a response on April 11, 2011. By judgment entry filed May 17, 2011, the trial court found in favor of appellees, finding the language in the plan was ambiguous and therefore the make-whole doctrine applied, precluding appellant's right to reimbursement.

{¶6} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶7} "THE TRIAL COURT ERRED WHEN IT FOUND THAT THE 'MAKE-WHOLE DOCTRINE' PRECLUDED THE APPELLANT FROM REIMBURSEMENT FOR THE AMOUNTS IT PAID ON APPELLEES' BEHALF FOR APPELLEE JOHN DAVALA'S MEDICAL EXPENSES."

I

{¶8} Appellant claims the trial court erred in finding the make-whole doctrine precluded it from reimbursement for medical expenses paid on behalf of appellee John Davala. Appellant claims the language of the Health Benefits Plan specifically avoids the application of the make-whole doctrine. We agree.

{¶9} In *Northern Buckeye Education Council Group Health Benefits Plan v. Lawson,* 103 Ohio St.3d 188, 2004-Ohio-4886, the Supreme Court held the following at syllabus:

{¶10} "A provider of health-insurance benefits and an insured who has been injured by an act of a third party may agree prior to payment of medical benefits that the insured will reimburse the insurer for any amounts later recovered from that third party, third party's insurer, or any other person through settlement or satisfaction of judgment upon any claims arising from the third party's act. A clear and unambiguous agreement so providing is not unenforceable as against public policy, irrespective of whether the settlement or judgment provides full compensation for the insured's total damages.

**{¶11}** "A reimbursement agreement between an insured and a health-benefits provider clearly and unambiguously avoids the make-whole doctrine if the agreement establishes both (1) that the insurer has a right to a full or partial recovery of amounts paid by it on the insured's behalf and (2) that the insurer will be accorded priority over the insured as to any funds recovered."

**{¶12}** It is appellees' position that because "Plan Member" is not defined in the contract, the contract is ambiguous and therefore the right to reimbursement/subrogation is negated by the make-whole doctrine. The plan provides the following in pertinent part:

**{¶13}** "Right of Subrogation

**{¶14}** "***Accepting benefits under this Plan for those incurred medical or dental expenses automatically assigns to the Plan any rights the Covered Person may have to recover payments from any third party or insurer. As a condition to the Plan making payments for any medical or dental charges, the Plan Member must assign to the Plan his or her rights to any recovery arising out of or related to any act or omission that caused or contributed to the Injury or Sickness for which such benefits are to be paid. Any amounts so recovered, however designated, shall be apportioned as follows: this Plan shall be fully reimbursed to the extent of its payments under this plan of health coverage. This Plan shall have priority over the Plan Member to the funds recovered and this Plan shall have priority over the Plan Member to any full or partial recovery. If any balance then remains from such recovery, it shall be applied to reimburse the Plan Member and any other policy providing benefits to the Plan Member as their interest may appear.

**{¶15}** "Reimbursement

**{¶16}** "If the Plan Member recovers damages from any party or through any coverage named above, he must hold in trust for the Plan the proceeds of the recovery, and must reimburse the Plan to the extent of payment made. The Plan is entitled to be completely compensated for any and all funds expended as a result of the Plan Member's sickness or injury regardless if the Plan Member is fully or only partially compensated. The Plan takes priority over the Plan Member of both full and partial recovery.

**{¶17}** "The Plan maintains both a contractual right of reimbursement and a separate right of subrogation to any funds recovered by you. You acknowledge that the Plan's subrogation and reimbursement rights shall be considered <u>the first priority claim</u> against any third party or your own automobile or liability carrier, to be paid before any other claims which may exist are paid, including claims by you for general damages or attorney fees or other costs." See, Health Benefits Plan, attached to Plaintiffs' March 28, 2011 Brief in Support of the Application of the Make-Whole Doctrine as Exhibit C.

**(¶1)** The contract does not define "Plan" or "Plan Member." A "Covered Person" is defined as, "An employee and/or dependent who enrolls and becomes covered under the Plan." "Dependents" are defined to include, "a) spouse of the employee not divorced or legally separated." Thus, under the definitions of the plan, appellee John Davala as a dependent of Mary Davala, was a "Covered Person" under the plan. The issue is whether appellee John Davala is a "Plan Member" under the Reimbursment provisions as "Plan Member" is not defined anywhere in the plan.

{¶18} Insurance contracts are to be read and interpreted in the context of the entire policy. From a simple straightforward reading of the contract, the "Plan" is undoubtedly the health coverage and a "Plan Member" can be but one interpretation: a covered person or a dependent. Whether it is "Plan Member" or "Insured/Covered Person" there can be but one interpretation of the person who is affected by the reimbursement/subrogation sections and that is the insured i.e., appellees sub judice.

{¶19} Upon review, we find the trial court erred in finding the make-whole doctrine applied and appellant was not entitled to reimbursement for medical expenses paid on behalf of appellee John Davala.

{¶20} The sole assignment of error is granted.

{¶21} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.

By Farmer, J.

Edwards, J. concurs and Hoffman, P.J. dissents.

s/ Sheila G. Farmer_____

s/ Julie A. Edwards_____

_____
JUDGES

*Hoffman, P.J.*

**(¶22)** I respectfully dissent from the majority opinion.

**(¶23)** On its face, the Plan's reimbursement agreement avoids the make-whole doctrine, and provides for the insured to reimburse the insurer for any amounts recovered from a third party. However, I find an ambiguity arises as to the term "Plan Member."

**(¶24)** The Plan does not define "Plan Member." However, the policy does define a "Covered Person" as "An employee and/or dependent who enrolls and becomes covered under the Plan." "Dependents" are defined to include, "a) spouse of the employee not divorced or legally separated;" Thus, under the definitions of the Plan, John Davala as a dependent of Mary Davala, was a Covered Person under the Plan. However, it is unclear whether John Davala is a "Plan Member" under the Reimbursement provisions of the plan as "Plan Member" is not defined anywhere in the plan.

**(¶25)** The term Plan Member is reasonably susceptible to more than one interpretation. Accordingly, the provisions governing subrogation and reimbursement are not clear and unambiguous; therefore, the Plan does not avoid the make-whole doctrine. Plan Member may mean the SCOG, or it may mean Mary Davala, as a covered employee.[1] Where the language of an insurance policy is ambiguous, it will be

---

[1] I find it unnecessary to reach the issue as to whether Mary, as the employee covered member under the facts of this case would more logically be obligated under the reimbursement provisions of the Plan as I find the Plan is ambiguous as to John's status under the Plan as a dependent.

liberally construed in favor of the insured and strictly against the insurer drafting the policy. *Derr v. Westfield Companies* (1992), 63 Ohio St.3d 537.

**(¶26)** In light of the above, I would conclude the trial court did not err in finding Appellant SCOG was not entitled to reimbursement.

s /William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT


JOHN AND MARY DAVALA :
:
    Plaintiffs-Appellees :
:
and :
:
STARK COUNTY SCHOOLS COUNCIL :      JUDGMENT ENTRY
OF GOVERNMENTS :
:
    Intervening Plaintiff-Appellant :
:
-vs- :
:
KAREN FERRARO :
:
    Defendant :      CASE NO. 2011CA00135


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellees.


s/ Sheila G. Farmer_____


s/ Julie A. Edwards_____


_____
                  JUDGES